UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDY RAFAEL MARTINEZ CASTILLO,

                Movant,

    -against-

UNITED STATES OF AMERICA,

                Respondent.

17-CV-762 (NSR)
17-CV-2134 (NSR)
16-CR-368 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

        Movant, currently incarcerated at Moshannon Valley Correctional Facility in Philipsburg, Pennsylvania, brings this *pro se* application styled as a "Motion Under the 28 U.S.C. 2255 and Reconsideration and Reduction of Sentencing and 782 Amend and the New Law of Immigration 2.L.1.1." He challenges the legality of his conviction in *United States v. Martinez-Castillo*, No. 16-CR-368 (NSR) (S.D.N.Y. Nov. 21, 2016). Movant has already challenged the same conviction in a pending § 2255 motion, which the Court ordered Respondent to answer. *Martinez-Castillo v. United States*, No. 17-CV-762 (NSR) (S.D.N.Y.) (ECF No. 3).

        For the reasons set forth below, the Court vacates the order in No. 17-CV-762 directing Respondent to answer the motion. The Court directs Movant, within thirty days, to: (1) notify the Court if he wishes to withdraw his application under docket number 17-CV-762 (NSR), pending resolution of his direct appeal from the conviction; or (2) file an amended § 2255 motion under docket number in No. 17-CV-762, in which he raises *all* of his grounds for relief.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/2017

## STANDARD OF REVIEW

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion before directing an answer. "[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). A *pro se* litigant, nevertheless, is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

In *United States v. Martinez-Castillo*, No. 16-CR-368 (NSR) (S.D.N.Y. Nov. 21, 2016), Movant Eddy Rafael Martinez Castillo pled guilty to conspiracy to distribute and possession with intent to distribute heroin under 21 U.S.C. § 846 and was sentenced to 58 months' imprisonment. The Court entered judgment on November 21, 2016, and Martinez Castillo filed a notice of appeal (ECF No. 53). His direct appeal from the

conviction remains pending in the United States Court of Appeals for the Second Circuit. *See United States v. Martinez-Castillo*, No. 17-312 (2d Cir.)

In addition to his pending appeal, in February 2017, Martinez-Castillo filed an application that was opened on the Court's docket as a § 2255 motion. *See Martinez-Castillo v. United States*, No. 17-CV-762 (NSR). In that motion, Movant argues that his sentence should be reduced based on Amendment 782 to the U.S. Sentencing Guidelines (U.S.S.G.) and thus it appears to be in whole or in part a motion for a sentence reduction under 18 U.S.C. § 3582.[1]

Movant's new application, opened under docket number 17-CV-2134 (NSR), is labeled as a "Motion Under the 28 U.S.C. § 2255 and Reconsideration and Reduction of Sentencing and 782 Amend and the New Law of Immigration 2.L.1.1." In this new application, Movant argues among other things that: (1) his sentence should be reduced based on Amendment 782 to the U.S.S.G.; (2) his guilty plea was not knowing and voluntary; and (3) his conviction should be vacated either under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down as unconstitutionally vague the Armed Career Criminal Act's definition of "violent felony," or under *Sessions v. Dimaya*, No. 15-1498, a pending Supreme Court action involving a challenge to a criminal-removal provision in the immigration laws.

---

[1] *See, e.g., United States v. Perez*, No. 08-CR-0429-06 (DLC), 2016 WL 4775536 (S.D.N.Y. Sept. 14, 2016) (holding that the proper vehicle to seek a sentence reduction under an amendment to the guidelines that the United States Sentencing Commission has made retroactive is a motion under 18 U.S.C. § 3582, not a motion under § 2255).

## DISCUSSION

Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). In almost all cases, a movant has only one opportunity to bring a § 2255 motion challenging a particular judgment within the applicable limitations period.[2]

A motion to vacate, set aside, or correct a sentence must conform to the Rules Governing Section 2255 Cases. Rule 2(b) requires a motion to specify all of a movant's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A motion must permit the Court and the respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated.

Because a prisoner generally has only one opportunity for a full adjudication of his claims in a motion under § 2255, courts must grant an opportunity to withdraw an application that is not clearly labeled as a § 2255 motion before recharacterizing it as a § 2255 motion, *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Moreover, when a second § 2255 motion is filed before a first § 2255 motion that challenges the same conviction is final, district courts must treat the second § 2255

---

[2] A federal prisoner seeking relief under § 2255 generally must file a motion within one year from the latest of four benchmark dates, that is, when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

motion as an amendment to the pending motion rather than as a successive motion. *See Ching v. United States*, 298 F.3d 174 (2d Cir. 2002). In addition, district courts generally dismiss a § 2255 motion as premature when it is filed while a direct appeal is pending. *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) ((holding that although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," such review should proceed only in extraordinary circumstances because "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity").

Here, Movant's direct appeal from the conviction is pending, his first § 2255 motion has not been resolved, and his second application is not clearly labeled as a § 2255 motion. The Court therefore directs Movant, within thirty days of this order, to either: (1) notify the Court in writing if he wishes to withdraw his pending application in 17-CV-762, without prejudice to refiling after the Court of Appeals for the Second Circuit resolves his direct appeal from the conviction; or (2) file an amended § 2255 motion, labeled with docket number 17-CV-762, in which he raises *all* of the grounds on which he challenges his conviction.[3] Because Movant has an opportunity to raise all of

---

[3] In addition to filing a single amended § 2255 motion, if Movant has grounds for relief that are properly brought as a motion for a reduction of sentence under 18 U.S.C. § 3582, he may file a separate motion labeled as a "motion for a reduction of sentence under 18 U.S.C. § 3582" in the criminal case under docket number No. 16-CR-368 (NSR). The Court notes, however, that Amendment 782 to the U.S. Sentencing Guidelines, which Movant references in his applications, was enacted on November 1, 2014, though U.S.S.G. 1B1.10 provides that "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." Because Amendment 782 was in effect *before* Movant's sentencing (or even his arrest), he likely has already received any benefit available to him under that amendment.

his grounds for challenging his conviction in a single § 2255 motion in 17-CV-762, the Court will direct the Clerk of Court to administratively close the second application, filed under docket number 17-CV-2134.

If Movant intends to proceed with a § 2255 motion notwithstanding his pending direct appeal from the conviction, and files an amended § 2255 motion in 17-CV-762 raising all of his grounds for relief, the Court will review the amended § 2255 motion and determine at that time whether to order Respondent to answer.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Movant. The Court further directs the Clerk of Court to vacate the order to answer in No. 17-CV-762 (ECF No. 3) and to administratively close the action under docket number 17-CV-2134 (NSR).

The Court directs Movant, within thirty days, to: (1) notify the Court in writing if he wishes to withdraw his application under docket number 17-CV-762 (NSR) pending resolution of his direct appeal, without prejudice to refiling; or (2) file an amended § 2255 motion under docket number in No. 17-CV-0762 raising all of his grounds for relief. The notice of withdrawal or amended motion must be submitted to this Court's Pro Se Intake Unit within thirty days of the date of this order and bear the docket number 17-CV-762 (NSR). For Movant's convenience, an § 2255 Motion form is attached to this order.

Because Movant has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 24, 2017
       White Plains, New York

NELSON S. ROMÁN
United States District Judge

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for _____.
   Address
   City, State Zip Code

9. <u>CAUTION:</u> You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. <u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | | |
| --- | --- | --- | --- |
| Name (under which you were convicted): | | Docket or Case No.: | |
| Place of Confinement: | | Prisoner No.: | |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) | |
| | v. | | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. Nature of crime (all counts):

5. (a) What was your plea? (Check one)

   (1)   Not guilty ❑         (2)   Guilty ❑         (3)   Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ❑

8. Did you appeal from the judgment of conviction?     Yes ❑     No ❑

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ❑     No ❑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑     No ❑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1)  First petition:      Yes ❑   No ❑

   (2)  Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?　　Yes ❑　No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No ❑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ❑  No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.